FILED
NOV 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Fallon Brizendine, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09 2275 |
| | ) | |
| Charles Herbold, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Frederick, Maryland, sues a resident of the District of Columbia for an alleged debt of $14, 465.00 "accrued over a 2-year period." Compl. at 1. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the amount in controversy is well below the minimum amount for diversity jurisdiction.

Accordingly, the complaint must be dismissed.[1] A separate Order accompanies this Memorandum Opinion.

Date: October _November 3_, 2009

United States District Judge

---

[1] Presumably, plaintiff's recourse lies in the Superior Court of the District of Columbia.